IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAWN FLEET, et al.         :

                          :

    v.                     :   Civil Action No. DKC 19-2133

                          :

UNITED STATES POSTAL SERVICE,
et al.                     :

**MEMORANDUM OPINION**

Plaintiffs, Dawn Fleet and Mark Griffin, filed a *pro se* complaint in the District Court of Maryland for Howard County against the United States Postal Service and Samuel Robertson, seeking damages ($1,000, consisting of $479, plus interest of $521)[1] for items that were not delivered. (ECF No. 3). A Notice of Removal was filed by the United States of America, asserting that it is the only proper defendant under the Federal Tort Claims Act ("FTCA"). (ECF No. 1). It later filed a Certification that Samuel Robertson was acting within the scope of his employment at the time of the occurrence out of which the claim asserted arose. (ECF No. 6-2).

On October 11, 2019, the United States moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. (ECF No. 12). Plaintiffs were notified of the

---

[1] The government interprets the claim to be one for $521, consisting of $479, plus costs.

motion and advised of the opportunity and necessity of filing a response, *see Roseboro v. Garrison*, 528 F.2d 309, 310 (1975), but nothing has been received from them.   No hearing is deemed necessary.   Local Rule 105.6.   For the following reasons, the motion will be granted.

The complaint is a single page and substantively states only that Plaintiffs seek a reimbursement for undelivered items.  (ECF No. 3).   The motion to dismiss provides additional information. According to the motion, Plaintiff Dawn Fleet purchased a cell phone from a seller on eBay for $479.99.   The item was shipped from Korea to her address in Ellicott City.   She claims that she did not receive the package.   She submitted a Domestic Claim form to the USPS.   The claim was denied, Ms. Fleet appealed, and the claim was again denied.   Despite being told the mechanism for filing another appeal to the Consumer Advocate, she and Mr. Griffin filed the complaint in the Howard County District Court.

The United States argues that (1) it ought to be substituted for the named Defendants as the only proper defendant; (2) the complaint should be dismissed because Plaintiffs did not first file an administrative complaint under the FTCA; (3) Plaintiffs' claims are barred because the FTCA does not waive sovereign immunity for suits related to the non-delivery of mail; (4) Plaintiffs failed to exhaust their administrative remedies within the USPS; and (5) Plaintiffs have failed to state a claim.   The

2

United States will be substituted for the named Defendants as requested.[2]

The next three arguments are presented under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction. The court should grant such a motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The court regards the pleadings as mere evidence and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

As a waiver of sovereign immunity, the FTCA must be strictly construed in favor of the sovereign. *Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005). Under the FTCA, a claimant must first present an administrative claim to the government. The United States asserts that no such administrative claim was presented by Plaintiffs, and relies on the declaration of Kimberly A. Herbst, Supervisor, Tort Claims Examiner/Adjudicator. The head

---

[2] The FTCA immunizes federal employees from liability for negligent or wrongful acts or omissions while acting within the scope of employment. *Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997). When an employee is sued, the United States Attorney must certify whether the employee was acting within the scope of employment. *Id.* Once the certification is made, the United States is substituted as the sole defendant. *Id.* That certification has been made here, and it has not been challenged.

of an agency is to consider a claim in accordance with regulations prescribed by the Attorney General.  28 U.S.C. § 2672.  Although the United States reports that no such administrative claim was filed by Plaintiffs, it has not stated why the claims they did present are inadequate.  It is not necessary to resolve this aspect of the motion definitively, because jurisdiction would be lacking even if the administrative exhaustion had been completed.

More substantively, the United States correctly argues that the limited waiver of sovereign immunity contained in the FTCA itself has exceptions.  Under 28 U.S.C. § 2680 (b), the FTCA and the jurisdiction provided in § 1346 do not apply to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  The burden is on Plaintiffs to show that an exception does not apply.  *Welch*, 409 F.3d at 651.

In *Dolan v. U.S. Postal Service*, 546 U.S. 481, 487 (2006), the Supreme Court of the United States addressed the scope and meaning of the exception.  The Court construed "negligent transmission" to be limited by the terms "loss" and "miscarriage," further remarking that "miscarried" refers to mail going to the wrong address.  *Dolan*, 546 U.S. at 486-87.  Ultimately, the Court concluded that "Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."  *Id.* at 489; *see also*,

4

*Ferebee v. Temple Hills Post Office*, No. 14-02451-GJH, 2014 WL 5342845, at *3 (D.Md. Oct. 20, 2014) (concluding that the plaintiff's allegations that her mail was lost, was delivered late, and was opened and resealed fall within the 28 U.S.C. § 2680(b) postal matter exception).

Plaintiffs' claims, as construed by the United States and not contradicted by Plaintiffs, squarely fall within the exception to the waiver in the FTCA.   Accordingly, the complaint will be dismissed for lack of subject matter jurisdiction.   It is not necessary to address the remaining arguments.   A separate order will be entered.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
